**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AURA MORTGAGE ADVISORS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-2212 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| SELENA POOLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Aura Mortgage Advisors, LLC ("Plaintiff") filed a mortgage foreclosure complaint against Selena Poole, NSP Residential LLC, Illinois Housing Development Authority ("IHDA"), PNC Bank N.A., TFC National Bank, and the successors in interest to National City Bank and MidAmerica Bank, FSB, and unknown others ("Defendants") in state court. [1, at 11]. Acting *pro se*, Defendant Poole removed the action to this court, [*Id.*, at 1], and applied for leave to proceed *in forma pauperis* [4]. Plaintiff then moved to remand. [8]. For the reasons below, the Court grants Poole's application for leave to proceed *in forma pauperis* [4] and grants Plaintiff's motion to remand [8]. The Clerk is directed to remand this case forthwith to the Circuit Court of Cook County, County Department–Chancery Division for further proceedings.

**I.     Application to Proceed *In Forma Pauperis***

Poole seeks leave to proceed *in forma pauperis*. [4]. The federal *in forma pauperis* statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In order to proceed on a lawsuit *in forma pauperis*—that is, without paying the filing fee—a party's "income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines issued by the federal Department of Health and Human Services ("HHS") (available at https://aspe.hhs.gov/poverty-guidelines). For 2020, the HHS poverty level is $21,720 for a three-person household.

The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim of indigency. According to her affidavit, Poole's sole income in the past 12 months was $940 a month in unemployment and $438 a month from another source, for a total of $16,536. Poole has two dependents. Because Poole's income is below the applicable poverty level, the Court grants her application for leave to proceed *in forma pauperis* [4] and waives the filing fee.

## II. Motion to Remand

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the court must remand the case. 28 U.S.C. § 1447(c). Plaintiff argues that the Court must remand this case because it does not have subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they may generally only hear cases involving diverse parties, 28 U.S.C. § 1332, or cases involving federal questions, 28 U.S.C. § 1331. Here, Plaintiff and Poole agree that both Plaintiff and Defendant NSP Residential LLC are citizens of Massachusetts. [8, at 2 ¶¶ 2,7]; [12, at 1–2 ¶¶2, 7]. Accordingly, there is not complete diversity among the parties, and the Court does not have diversity jurisdiction. See *Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) ("For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.").

Poole argues that the Court has federal question jurisdiction because "various federal laws and rights of [Poole's] are implicated such as those represented under 15 U.S.C. § 1601 (Truth In Lending Act)" and other federal laws. [11, at 1]. However, it is not enough for a complaint to merely implicate federal laws and rights. Instead, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is true even when a defendant raises a federal defense. *Id.* at 393. Here, Plaintiff's complaint consists of a single count to foreclose a mortgage on real property. [1, at 13–14]. "The Seventh Circuit and other courts in this district have long held that state mortgage foreclosure proceedings, in and of themselves, do not raise a federal question." *Green Tree Servicing, LLC v. Williams*, 2014 WL 2865905, at *4 (N.D. Ill. June 24, 2014); see also *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985) ("[T]he action involves only mortgage foreclosure, proper for state court determination, not federal court."). Accordingly, the court does not have federal question jurisdiction. Because the Court lacks subject-matter jurisdiction, it must remand this case. 28 U.S.C. § 1447(c).

## III. Conclusion

Because Poole's income is below the applicable poverty level, the Court grants her application for leave to proceed *in forma pauperis* [4]. Because the Court does not have subject matter jurisdiction, it grants Plaintiff's motion to remand. [8]. The Clerk is directed to remand this case forthwith to the Circuit Court of Cook County, County Department – Chancery Division for further proceedings.

Dated: December 2, 2020                       _____
                                                 Robert M. Dow, Jr.
                                                 United States District Judge